UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-407-GWU

REBECCA SMALLWOOD,                                              PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.

### INTRODUCTION

Rebecca Smallwood brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income.  The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities?  If not, a finding of non-disability is made and the claim is denied.

3.  The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

08-407  Rebecca Smallwood

Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.     At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.     If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

2

08-407  Rebecca Smallwood

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

08-407  Rebecca Smallwood

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.

08-407  Rebecca Smallwood

Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having

5

08-407  Rebecca Smallwood

the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

08-407  Rebecca Smallwood

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Smallwood, a 26-year-old woman with a "limited" education and no past relevant work history, suffered from impairments related to a panic disorder with agoraphobia, a depressive disorder and borderline intelligence.   (Tr. 12, 18).   Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 15).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 18-19).  The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert James Miller included such non-exertional restrictions as (1) a limitation to jobs requiring only simple instructions in an object-focused work environment; (2) a need to have no more than casual interaction with co-workers or supervisors; (3) a need to avoid contact with the general public; (4) an inability to ever perform production rate or quota work; and (5) an inability to perform work in which reading was an essential job element.  (Tr. 60).  In response, the witness identified a significant number of

7

08-407  Rebecca Smallwood

jobs in the national economy which could still be performed.  (Tr. 61).  Therefore, assuming that the vocational factors considered by Miller fairly characterized Smallwood's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Psychologist Jeanne Bennett examined Smallwood and diagnosed dysthymia and dependent personality traits.  (Tr. 197).  The plaintiff would be able to handle simple, repetitive tasks which would not be affected by her impairment.  (Id.).  The claimant would be "moderately" impaired in her ability to handle the stress and pressure of every day work activity.  (Tr. 197-198).  A "slight" limitation of ability to respond appropriately to supervision, co-workers and work pressures was also reported.  (Tr. 198).  The hypothetical question presented by the ALJ was essentially consistent with these restrictions.  Therefore, this opinion provides support for the administrative decision.

Smallwood was examined by Psychologist Greg Lynch in August of 2007. Lynch diagnosed a panic disorder with agoraphobia, a dysthymic disorder and dependent personality traits.  (Tr. 274).  The examiner indicated that the claimant would be "moderately" limited in her ability to tolerate work stress, respond appropriately to supervision, co-workers, and work pressures.  (Id.).  She would have "slight to moderate" restrictions in sustaining attention and concentration. (Id.).  Lynch also completed a Mental Medical Assessment of Ability to do Work-Related Activities Form upon which he rated the plaintiff's ability as "fair," defined

8

08-407  Rebecca Smallwood

as "ability to function in this area is limited but satisfactory" in most areas with the exception of handling complex instructions which was rated as "fair to poor."  (Tr. 276-277).  The mental limitations of the hypothetical question were also essentially consistent with this opinion.

Psychologist Jane Brake reviewed the record and opined that Smallwood would be "moderately" limited in such areas as understanding, remembering and carrying out detailed instructions, maintaining attention and concentration for extended time periods, working in coordination with or proximity to others without being distracted by them, interacting appropriately with the general public, responding appropriately to changes in the work setting and setting realistic goals or making plans independently of others.  (Tr. 200-201).  The mental factors of the hypothetical question were also compatible with this opinion.  These reports provide substantial evidence to support the administrative decision.

Psychologist Reba Moore examined Smallwood as well and diagnosed a panic disorder, a depressive disorder, borderline intelligence, and a personality disorder.  (Tr. 233).  Moore opined that the plaintiff's ability would be "seriously limited but not precluded" or would have "no useful ability" in most areas of mental functioning.  (Tr. 234-235).  This opinion is offset by those of the other examining sources.

Psychologist Stephen Scher, a non-examining medical reviewer, also identified more severe mental limitations than those found by the ALJ.  (Tr. 237-

9

08-407  Rebecca Smallwood

238).  This opinion was also offset and outweighed by the aforementioned mental health professionals.  Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's mental condition.

The ALJ properly found that Smallwood did not suffer from a "severe" physical impairment.  Dr. Neeraj Mahboob, the plaintiff's treating physician, never imposed any specific functional restrictions despite a diagnosis of fibromyalgia.  (Tr. 149-191, 218-225, 263-270).  Dr. Allen Dawson reviewed the record and opined that it did not reveal the existence of a "severe" physical impairment.   (Tr. 236). Therefore, this portion of the administrative decision is also supported by substantial evidence.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9th day of October, 2009.




**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

10